```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
RODNEY GRACE,                                         :

                       Petitioner,                    :
                                                            REPORT &
            -v.-                                      :     RECOMMENDATION
                                                            10 Civ. 3853 (LTS)(GWG)
STATE OF NEW YORK,                                    :

                       Respondent.                    :
------------------------------------------------------------------------x
```

**GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE**

FACTS

Rodney Grace, proceeding pro se, brought this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 seeking review of his state court conviction. See Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254, filed May 11, 2010 (Docket # 2). At the time of the filing, Grace was detained at Anna M. Cross Center at Rikers Island Correctional Facility. See id. This Court issued an order on May 20, 2010, directing the respondent to file an answer by July 20, 2010. See Order, filed May 20, 2010 (Docket # 4) ("May 20, 2010 Order").

This Order was mailed to the address on the complaint – the Anna M. Cross Center – and it was returned as undeliverable with a hand written notation "no such inmate in system by name." In response, the undersigned stayed the May 20, 2010 Order, ordered Grace to provide the Court with an address at which he could be reached, and informed him that if he failed to respond, his petition would be dismissed. See Order, dated June 2, 2010 (Docket # 5) ("June 2, 2010 Order"). A copy of this order was sent to a prison number that was supplied in Grace's papers.

On June 7, 2010, Grace filed a letter with the Clerk of Court providing a new address at the Ulster Correctional Facility in Napanoch, New York, where he stated he was being held on a parole violation. See Change of Address, filed June 7, 2010 (Docket # 6). The court vacated the June 2, 2010 Order and reinstituted the deadlines set forth in the May 20, 2010 Order. See Order, filed June 9, 2010 (Docket # 7) ("June 9, 2010 Order").

A copy of the June 9, 2010 Order was sent to Grace at the Ulster Correctional Facility but was returned as undeliverable with the handwritten notation "Released – No Forwarding Address on file." See Order, filed June 17, 2010 (Docket # 8). The Court's own inquiry into the State prisoner locator system confirmed his release. Additionally, the records of New York City's Department of Correction did not reflect that Grace was in its custody. Once again, the undersigned stayed the May 20, 2010 Order. Id. The Court further ordered that if Grace did not provide an address at which he could be reached within 60 days, his "petition will be dismissed." Id. To date, the Court has received no communication from petitioner. In addition, there is no "Rodney Grace" in either the City or State correctional systems according to their websites.

DISCUSSION

Fed. R. Civ. P. 41(b) provides, in relevant part, "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." While the text of Rule 41(b) addresses only the situation in which a defendant moves for dismissal, "it is unquestioned that Rule 41(b) also gives the district court authority to dismiss a plaintiff's case sua sponte for failure to prosecute." LeSane v. Hall's Sec. Analyst, Inc., 239 F.3d 206, 209 (2d Cir. 2001) (citing Link v. Wabash R.R. Co., 370 U.S. 626, 630-31 (1962) ("The authority of a court to dismiss sua sponte for lack of prosecution has generally been

considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.")). Unless the court specifies otherwise, Rule 41(b) provides that dismissal "operates as an adjudication on the merits."

While appellate courts apply a number of factors in evaluating the propriety of a dismissal for failure to prosecute, see Martens v. Thomann, 273 F.3d 159, 180 (2d Cir. 2001), a district court is not required to discuss these factors in dismissing a case as long as an explanation is given for the dismissal, see id.; Lucas v. Miles, 84 F.3d 532, 535 (2d Cir. 1996). Here, it is sufficient to say that this case cannot proceed without Grace's participation, and he has provided no method by which the Court can inform him of his obligations in this case or its outcome. Courts have repeatedly recognized that dismissal for failure to prosecute is appropriate where a plaintiff effectively disappears by failing to provide a current address at which he or she can be reached. See, e.g., Fate v. Doe, 2008 WL 1752223, at *2 (S.D.N.Y. Apr. 16, 2008); Coleman v. Doe, 2006 WL 2357846, at *3 (E.D.N.Y. Aug. 14, 2006); Dong v. United States, 2004 WL 385117, at *3 (S.D.N.Y. Mar. 2, 2004); Love v. F.B.I., 2002 WL 2030828, at *1 (N.D. Tex. Sept. 3, 2002); Ortiz v. United States, 2002 WL 1492115, at *2 (S.D.N.Y. July 11, 2002); Hibbert v. Apfel, 2000 WL 977683, at *2-3 (S.D.N.Y. July 17, 2000); Norlander v. Plasky, 964 F. Supp. 39, 41-42 (D. Mass. 1997). However, because "dismissal with prejudice is 'a harsh remedy to be utilized only in extreme situations,'" Lyell Theatre Corp. v. Loews Corp., 682 F.2d 37, 42 (2d Cir. 1982) (quoting Theilmann v. Rutland Hosp., Inc., 455 F.2d 853, 855 (2d Cir. 1972)), the Court recommends that dismissal be without prejudice, see generally LeSane, 239 F.3d at 209 ("pro se plaintiffs should be granted special leniency regarding procedural matters");

Coleman, 2006 WL 2357846, at *3 (dismissal without prejudice where pro se plaintiff could not be reached at the address he provided (citation omitted)); Whitaker v. N.Y. City Police Dep't, 1989 WL 37678, at *1 (S.D.N.Y. Apr. 11, 1989) (same).

Conclusion

For the foregoing reasons, the petition should be dismissed without prejudice.

**PROCEDURE FOR FILING OBJECTIONS TO THIS REPORT AND RECOMMENDATION**

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days including weekends and holidays from service of this Report and Recommendation to serve and file any objections. See also Fed. R. Civ. P. 6(a), (b), (d). Such objections (and any responses to objections) shall be filed with the Clerk of the Court, with copies sent to the Hon. Laura Taylor Swain, and to the undersigned, at 500 Pearl Street, New York, New York 10007. Any request for an extension of time to file objections must be directed to Judge Swain. If a party fails to file timely objections, that party will not be permitted to raise any objections to this Report and Recommendation on appeal. See Thomas v. Arn, 474 U.S. 140 (1985); Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C., 596 F.3d 84, 92 (2d Cir. 2010).

Dated: September 7, 2010
       New York, New York

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge

Copies sent to:[1]

Attorney General
Chief, Federal Habeas Corpus Section
120 Broadway,
New York, NY 10271.

---

[1] Because the Court has no address for petitioner, a copy of this document is being sent only to the respondent's attorney.

Coleman, 2006 WL 2357846, at *3 (dismissal without prejudice where pro se plaintiff could not be reached at the address he provided (citation omitted)); Whitaker v. N.Y. City Police Dep't, 1989 WL 37678, at *1 (S.D.N.Y. Apr. 11, 1989) (same).

Conclusion

For the foregoing reasons, the petition should be dismissed without prejudice.

## PROCEDURE FOR FILING OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days including weekends and holidays from service of this Report and Recommendation to serve and file any objections. See also Fed. R. Civ. P. 6(a), (b), (d). Such objections (and any responses to objections) shall be filed with the Clerk of the Court, with copies sent to the Hon. Laura Taylor Swain, and to the undersigned, at 500 Pearl Street, New York, New York 10007. Any request for an extension of time to file objections must be directed to Judge Swain. If a party fails to file timely objections, that party will not be permitted to raise any objections to this Report and Recommendation on appeal. See Thomas v. Arn, 474 U.S. 140 (1985); Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C., 596 F.3d 84, 92 (2d Cir. 2010).

Dated: September 7, 2010
New York, New York

GABRIEL W. GORENSTEIN
United States Magistrate Judge

4